IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

AARON EUGENE WHITELEY                                                    PLAINTIFF

v.                              NO. 13-3061

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                           DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Aaron Eugene Whiteley, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on September 22, 2010, alleging an inability to work since January 5, 2009,[1] due to degenerative arthritis, a right shoulder rotator cuff tear, anxiety, depression, black lung, and constant shoulder pain. (Tr. 147, 154). An administrative hearing was held on November 2, 2011, at which Plaintiff appeared

---

[1] At the administrative hearing, Plaintiff, through his counsel, amended his alleged onset date to January 20, 2009. (Tr. 11, 69-70).

AO72A
(Rev. 8/82)

with counsel and testified. (Tr. 31-84).

By written decision dated July 2, 2012, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 13). Specifically, the ALJ found Plaintiff had the following severe impairments:

> osteoarthritis/degenerative disc disease of lumbar spine; osteoarthritis/degenerative joint disease of the right shoulder status post surgery; osteoarthritis of both hands; chronic obstructive pulmonary disease; cognitive disorder; major depression; generalized anxiety disorder; pain disorder; alcohol abuse/dependence; and marijuana abuse...

(Tr. 13). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant cannot climb ladders, ropes or scaffolds, and can only occasionally climb ramps and stairs. Additionally, the claimant is limited to only occasional balancing, stooping, kneeling, crouching and crawling. The claimant can frequently, but not constantly, handle and finger bilaterally, but must avoid overhead work. The claimant must also avoid concentrated exposure to temperature extremes, humidity, fumes, odors, dusts, gases, and poor ventilation. Further, the claimant is limited to work where interpersonal contact is incidental to the work performed; the complexity of tasks is learned and performed by rote, with few variables and use of little judgment; and the supervision required is simple, direct, and concrete.

(Tr. 16). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a nut and bolt assembler, a production worker, and a machine operator/tender. (Tr. 25).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence submitted by Plaintiff, denied that request on April 24, 2013. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1-6). This case is before the

-2-

undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 13).

**II.  Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3),

1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

**III.   Discussion:**

Plaintiff argues the following issues on appeal: 1) the ALJ erred in discrediting Plaintiff's credibility; 2) the ALJ erred in determining Plaintiff's RFC by failing to give more weight to the examining and treating physicians; and 3) the ALJ failed to fully and fairly develop the record by failing to re-contact a consultative examiner.

**A.   Subjective Complaints and Credibility Analysis:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional

restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, and the Defendant's well-stated reasons set forth in her brief, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. Plaintiff indicated in the Function Report that he had limitations due to chronic pain; however, the record revealed Plaintiff was able to prepare simple meals; to help with some household chores including laundry; to drive alone; to shop for food and gas; to pay bills; to spend time with other watching television and playing cards; and to attend church once a week. (Tr. 206-214). The record revealed that in September of 2009, Plaintiff's orthopedic surgeon, Dr. Joseph M. Ricciardi, noted that Plaintiff had been gaining strength and that Plaintiff could lift fifty pounds with both hands up to the level of his shoulders. (Tr. 280). In December of 2010, Plaintiff reported that he was able to shop and plan meals without assistance, and to occasionally help vacuum, but was limited in sweeping due to pain. (Tr. 428-429). Plaintiff also reported that he was able to go to his brother's house to watch television and drink beer; and to go to a friend's house to play dominoes or dice games once a week. (Tr. 429). Plaintiff further reported that he and his girlfriend also had friends come over a couple of times a week to play dominoes and visit. (Tr. 429). The record further revealed that Plaintiff sought treatment for shoulder pain after putting wood into the back of a truck in January

of 2011. (Tr. 510).

With regard to Plaintiff's shoulder impairment, the record revealed that Plaintiff underwent surgery, performed by Dr. Ricciardi, in April of 2009. By October of 2009, Dr. Ricciardi, released Plaintiff from care, and opined that Plaintiff was considered fit for the return to employment when employment opportunities became available. (Tr. 279).

The medical evidence revealed that Plaintiff has chronic obstructive pulmonary disease. When discussing Plaintiff's respiratory impairment, the ALJ pointed out that despite the repeated recommendations to stop smoking, Plaintiff continued to smoke throughout the relevant time period. See Kisling v. Chater, 105 F.3d 1255, 1257 (8th Cir.1997) (noting that a failure to follow prescribed treatment may be grounds for denying an application for benefits); Mouser v. Astrue, 545 F.3d 634, 638 (8th Cir. 2008)(where claimant's smoking had a direct impact on his impairments, the ALJ appropriately considered claimant's failure to stop smoking in making his credibility determination).

With regard to Plaintiff's alleged depression and anxiety, the record failed to demonstrate that Plaintiff sought on-going and consistent treatment from a mental health professional during the relevant time period. See Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001) (holding that lack of evidence of ongoing counseling or psychiatric treatment for depression weighs against plaintiff's claim of disability). The record revealed that Plaintiff went for the initial consultation at Ozark Guidance in October of 2010, per the recommendation of his disability attorney, to seek help for his depression and anxiety. (Tr. 415). Plaintiff did not return to Ozark Guidance and was discharged in December of 2010. (Tr. 424).

Therefore, although it is clear that Plaintiff suffers with some degree of pain, he has not

established that he is unable to engage in any gainful activity. See Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000) (holding that mere fact that working may cause pain or discomfort does not mandate a finding of disability). Neither the medical evidence nor the reports concerning his daily activities support Plaintiff's contention of total disability. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

**B.   The ALJ's RFC Determination:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, Plaintiff's subjective complaints, and his medical records when he determined Plaintiff could perform light work with limitations. The Court notes that

in determining Plaintiff's RFC, the ALJ discussed the medical opinions of examining and non-examining medical professionals, including the opinions of Drs. Ricciardi, Shannon Brownfield, Richard D. Back, Julius Petty, and Kevin Santulli, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole). Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination for the relevant time period.

### C.  Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing work as a nut and bolt assembler, a production worker, and a machine operator/tender. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

### D.  Fully and Fairly Develop the Record:

While an ALJ is required to develop the record fully and fairly, see Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir.2000) (ALJ must order consultative examination only when it is

AO72A
(Rev. 8/82)

necessary for an informed decision), the record before the ALJ contained the evidence required to make a full and informed decision regarding Plaintiff's capabilities during the relevant time period. See <u>Strongson v. Barnhart</u>, 361 F.3d 1066, 1071-72 (8th Cir.2004) (ALJ must develop record fully and fairly to ensure it includes evidence from treating physician, or at least examining physician, addressing impairments at issue).

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 18th day of August, 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE